IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAGNELLI PLUMBING COMPANY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| GILLECE PLUMBING AND HEATING, INC., GILLECE SERVICES, LP, THOMAS GILLECE and JOSEPH BENZ, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

AND NOW, comes plaintiff, Fagnelli Plumbing Company, Inc., by its attorneys, Friedman and Friedman, and files the following Complaint against defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz.

### PARTIES AND JURISCDICTION

1. Plaintiff Fagnelli Plumbing Company, Inc. ("Fagnelli") is a domestic business corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 2852 Boulevard of the Allies, Pittsburgh, PA 15213.

2. Defendant Gillece Plumbing and Heating, Inc. ("Gillece Plumbing") is a domestic business corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 3000 Washington Pike, Bridgeville, PA 15017.

3. Defendant Gillece Services, LP ("Gillece Services") is a domestic limited partnership organized under the laws of the Commonwealth of Pennsylvania, having as its general partner defendant Gillece Plumbing and its principal place of business at 3000 Washington Pike, Bridgeville,

PA 15017.

4. Defendant Gillece Services now operates in its name the plumbing, heating and cooling business located in Western Pennsylvania that was previously operated by defendant Gillece Plumbing. Defendants Gillece Plumbing and Gillece Services are hereinafter collectively referred to as (defendant "Gillece Plumbing/Services").

5. Defendant Thomas Gillece ("T. Gillece") is the President and CEO of defendant Gillece Plumbing/Services, having his business address at 3000 Washington Pike, Bridgeville, PA 15017.

6. Defendant Joseph Benz ("Benz") is the Operations/General Manager of defendant Gillece Plumbing/Services, having his business address at 3000 Washington Pike, Bridgeville, PA 15017.

7. At all times relevant hereto, defendant Gillece Plumbing/Services acted by and through its duly authorized agents, servants and employees.

8. Defendants Gillece Plumbing/Services, T. Gillece and Benz are hereinafter collectively referred to as (the "Gillece defendants").

9. Jurisdiction of this Court is invoked pursuant to 28 U.S. C. §1331 and 28 U.S.C. 1367.

**COUNT I - CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)**

10. Fagnelli and defendants Gillece Plumbing/Services compete with each other in providing plumbing, heating and cooling services to residential and commercial customers in the Western Pennsylvania geographic area.

11. Fagnelli is the registered owner of the domain name ‹www.fagnelliplumbing.com› which directs Internet traffic to Fagnelli's web site advertising and which offers Fagnelli's plumbing, heating and cooling services to residential and commercial customers in the Western Pennsylvania geographic area.

12. Defendant Gillece Plumbing is the registered owner of the domain name ‹www.gilleceplumbing.com› which directs Internet traffic to defendant Gillece Plumbing/Services' web site advertising and which offers defendant Gillece Plumbing/Servive's plumbing, heating and cooling services to residential and commercial customers in the Western Pennsylvania geographic area.

13. On or about March 1, 2007, defendant Gillece Plumbing registered the domain name of ‹www.fagnelli.com› ("fagnelli.com") with the registrar GoDaddy.com, Inc., as the owner of said domain name.

14. Defendant T. Gillece, as President and CEO of Gillece Plumbing, authorized the registration of fagnelli.com in the name of defendant Gillece Plumbing as owner.

15. Defendant Benz is the Administrative Contact and Technical Contact with GoDaddy.com, Inc. and authorized and implemented defendant Gillece Plumbing's registration of fagnelli.com with said registrar.

16. On or about February 12, 2009, the Gillece defendants arranged with GoDaddy.com, Inc. through a procedure that is called in Internet parlance a "301 re-direct" of the fagnelli.com domain name to redirect persons searching the Internet for the fagnelli.com domain name to be instantly diverted to defendant Gillece Plumbing's web site.

17. As a result of such redirection, existing and prospective residential and commercial customers who wished to retain Fagnelli for its plumbing, heating and cooling services and who searched the Internet for the fagnelli.com domain name were instantly redirected to defendant Gillece Plumbing/Services' web site. At that time, Fagnelli's existing and potential customers were shown the plumbing, heating and cooling services offered by defendant Gillece Plumbing/Services and their prices and inducements to use defendant Gillece Plumbing/Services' services rather than those provided by Fagnelli and likely engaged defendant Gillece Plumbing/Services rather than Fagnelli to perform their plumbing, heating and cooling needs.

18. On April 28, 2010, counsel for Fagnelli sent a letter to the Gillece defendants requesting that they cease and desist from using the fagnelli.com domain name to redirect traffic to defendant Gillece's web site and that they transfer ownership and registration of the fagnelli.com domain name to Fagnelli as well as to transfer ownership and registration of any domain names containing or using the name or word Fagnelli in whole or in part to Fagnelli, and confirm the transfer of ownership and registration of all such names to Fagnelli on the records of the registrar GoDaddy.com, Inc. and on the records of any other applicable registrar.

19. On or about May 4, 2010, the Gillece defendants temporarily ceased redirecting Internet traffic from the fagnelli.com domain name to the Gillece web site; rather, the Gillece defendants redirected traffic to a GoDaddy.com parking web site.

20. Despite continuing requests by counsel for Fagnelli, the Gillece defendants have failed or refused to transfer ownership and registration of the fagnelli.com domain name to Fagnelli as well as to transfer ownership and registration of any domain names containing or

using the name or word Fagnelli in whole or in part to Fagnelli on the records of the registrar GoDaddy.com, Inc. and on the records of any other applicable registrar.

21.     The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA"), makes it illegal for a person to register or to use with bad faith with intent to profit an Internet domain name that is identical or confusingly similar to the distinctive or famous trademark or or service mark or Internet domain name of another person or company.

22.     The ACPA was intended to prevent cybersquatting, which is the bad faith, abusive registration and use of the distinctive marks of others as Internet domain names, with the intent to profit from the goodwill associated with those marks.

23.     The ACPA states in part, as follows:

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person
>
> > (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> >
> > (ii) registers, traffics in, or uses a domain name that --
> >
> > (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> >
> > (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark.

24.     Section 1127 of Title 15 defines the term service mark as ". . . any word, name, symbol, or device, or any combination thereof – (1) used by a person. . ."

25. Fagnelli has used the word, name or symbol Fagnelli as its distinctive mark for almost 50 years and its name has become closely associated with the plumbing, heating and cooling services that it has provided to residential and commercial customers over those many years in the Western Pennsylvania geographic area and is well recognized throughout that area. Fagnelli has also expended substantial sums in advertising its services in the Western Pennsylvania geographic area.

26. In cybersquatting on the fagnelli.com domain name, the Gillece defendants have acted in bad faith with intent to profit from Fagnelli's personal name protected as a mark under the ACPA in that:

(a) the Gillece defendants have no trademark or other intellectual rights in the fagnelli.com domain name;

(b) the fagnelli.com domain name does not consist of the Gillece name or any other name that is commonly used to identify defendant Gillece Plumbing/Services;

(c) defendant Gillece Plumbing/Services did not use the fagnelli.com domain name prior to its registration with GoDaddy.com, Inc. on March 1, 2007, in connection with the offering of its services;

(d) defendant Gillece Plumbing/Services has not used the fagnelli.com domain name in a bona fide non-commercial or fair use in a site accessible under the domain name;

(e) the Gillece defendants intended to divert customers from Fagnelli's online location to defendant Gillece Plumbing/Services' web site that harms the goodwill represented by the Fagnelli service mark, for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of defendant Gillece Plumbing/Services' web site;

(f) the Gillece defendants provided material and misleading false contact information when defendant Gillece Plumbing applied for registration of the domain name with GoDaddy.com, Inc.; and

(g) defendant Gillece Plumbing's have registered multiple domain names in excess of 180 domain names which the Gillece defendants know are identical or confusingly similar to the marks of other plumbing, heating and cooling contractors in Western Pennsylvania, so as to divert Internet traffic from their web sites to the web site of defendant Gillece Plumbing/Services.

27. Pursuant to 15 U.S.C. § 1117(d), Fagnelli is entitled to elect to recover for the Gillece defendants' violation of the ACPA an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 in lieu of actual damages and profits, as the Court considers just.

28. Pursuant to 15 U.S.C. § 1117(a), Fagnelli is entitled to recover court costs and attorney's fees because of the egregious misconduct of the Gillece defendants in cybersquatting on the fagnelli.com domain name.

**WHEREFORE**, plaintiff Fagnelli Plumbing Company, Inc. prays the Court as follows:

(a) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from redirecting traffic on the Internet from the fagnelli.com domain name or any similar domain name or any domain name using the word fagnelli to the web site of defendant Gillece Plumbing/Services or to any other web site;

(b) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from owning the domain name fagnelli.com or any similar domain name or any domain name using the word fagnelli, and, further, be directed to transfer ownership of all such names to Fagnelli on the records of the registrar GoDaddy.com, Inc. and on the records of any other registrar;

(c) That plaintiff be awarded statutory damages against the Gillece defendants, jointly and severally, in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d), together with court costs and attorney's fees pursuant to 15 U.S.C. § 1117(a); and

(d) For such other and further relief as the Court deems just and proper.

## COUNT II - MISLEADING DESCRIPTION UNDER 15 U.S.C. § 1125(a)(1)(A)

29. Paragraphs 1 through 28 of the foregoing Complaint are incorporated herein by reference as though more fully set forth herein at length.

30. Section 1125(a)(1)(A) of Title 15 of the United States Code provides, as follows:

> § 1125. False designations of origin, false descriptions, and dilution forbidden
>
> (a) Civil action.
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods [or] services . . . by another person,
>
> \* \* \*
>
> > shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

31. The Gillece defendants' use in commerce of the Fagnelli name or any combination thereof in diverting Internet traffic searching for the fagnelli.com domain name to defendant Gillece Plumbing/Services' web site is likely to cause confusion, or to cause mistake, by an existing customer or prospective customer of Fagnelli seeking its services when searching for the fagnelli.com domain name.

32. The Gillece defendants' diverting Internet traffic seeking the fagnelli.com domain name to defendant Gillece Plumbing/Services' web site is likely to deceive existing and prospective customers of Fagnelli as to the affiliation, connection, or association of defendant Gillece Plumbing with Fagnelli or the approval of defendant Gillece Plumbing's services by Fagnelli.

33. As a direct and proximate result of the Gillece defendants' violation of 15 U.S.C. § 1125(a)(1)(A), Fagnelli has suffered damages in the nature of loss of business, revenue and profits.

34. Pursuant to Section 1116 of Article 15 of the United States Code, Fagnelli is entitled to injunctive relief as equity requires where there has been a violation under Section 1125(a).

35. Pursuant to 15 U.S.C. § 1117(a), Fagnelli is entitled to recover court costs and attorney's fees because of the egregious misconduct of the Gillece defendants in making false or misleading descriptions of fact, or false or misleading representations of fact regarding the fagnelli.com domain name.

**WHEREFORE**, plaintiff Fagnelli Plumbing Company, Inc. prays the Court as follows:

(a) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from redirecting traffic on the Internet from the fagnelli.com domain name or any similar domain name or any domain name using the word fagnelli to the web site of defendant Gillece Plumbing/Services or to any other web site;

(b) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from owning the domain name fagnelli.com or any similar domain name or any domain name using the word fagnelli, and, further, be directed to transfer ownership of all such names to Fagnelli on the records of the registrar GoDaddy.com, Inc. and on the records of any other registrar;

(c) That the Gillece defendants, jointly and severally, pay damages to Fagnelli, together with court costs and attorney's fees pursuant to 15 U.S.C. § 1117(a); and

(d) For such other and further relief as the Court deems just and proper.

## COUNT III - COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

36. Paragraphs 1 through 35 of the foregoing Complaint are incorporated herein by reference as though more fully set forth herein at length.

37. Under Pennsylvania common law, Fagnelli has claims again the Gillece defendants for service mark infringement and unfair competition based on the same claims that it has against them under the Lanham Act set forth above.

38. The Gillece defendants' conduct in infringing on Fagnelli's service mark and in competing unfairly with Fagnelli as set forth above was willful, intentional, wanton and malicious or was done with reckless indifference to the rights and interests of Fagnelli entitling Fagnelli to punitive damages.

**WHEREFORE**, plaintiff Fagnelli Plumbing Company, Inc. prays the Court as follows:

(a) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from redirecting traffic on the Internet from the fagnelli.com domain name or any similar domain name or any domain name using the word fagnelli to the web site of defendant Gillece Plumbing/Services or to any other web site;

(b) That defendants Gillece Plumbing and Heating, Inc., Gillece Services, LP, Thomas Gillece and Joseph Benz be permanently enjoined from owning the domain name fagnelli.com or any similar domain name or any domain name using the word fagnelli, and, further, be directed to transfer ownership of all such names to Fagnelli on the records of the registrar GoDaddy.com, Inc. and on the records of any other registrar;

(c) That the Gillece defendants, jointly and severally, pay damages to Fagnelli, together with court costs and attorney's fees, and, in addition, punitive damages.

(d) For such other and further relief as the Court deems just and proper.

FRIEDMAN AND FRIEDMAN

By _____
Edward B. Friedman
PA I.D. 09688

_____
Elliot S. Katz
PA I.D. No. 31454

Attorneys for Plaintiff Fagnelli
Plumbing Company, Inc.

900 Fifth Avenue
Pittsburgh, PA 15219
(412) 261-5834

Dated: May 18, 2010
        Pittsburgh, PA