IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FAGNELLI PLUMBING COMPANY, INC.,        )
                                        )       *ELECTRONICALLY FILED*
                Plaintiff,              )
                                        )
        v.                              )       2:10-CV-00679-AJS
                                        )
GILLECE PLUMBING AND HEATING, INC.,     )
GILLECE SERVICES, LP, THOMAS            )
GILLECE and JOSEPH BENZ,                )
                                        )
                Defendants.             )

## Fed. R. Civ. P.  26(f) REPORT OF THE PARTIES

1.      **Identification of counsel and unrepresented parties**.

Edward B. Friedman, Esquire            Paul R. Robinson, Esquire
PA I.D. No. 09688                      PA I.D. No. 65581
ebf@friedman-law.com                   probinson@mdbbe.com

Elliot S. Katz, Esquire                Meyer, Darragh, Buckler,
PA I.D. No. 31454                      Bebenek & Eck, P.L.L.C.
esk@friedman-law.com                   600 Grant Street, Suite 4850
                                       Pittsburgh, PA 15219
                                       412-261-6600 (phone)
Friedman and Friedman                  412-471-2754 (fax)
900 Fifth Avenue
Pittsburgh, PA 15219                    Counsel for Defendants
412-261-5834 (phone)
412-261-0350 (fax)

Counsel for Plaintiff


2.      **Set forth the general nature of the case**:

        Violation of the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C.
        §1125(d), and the Lanham Act, 15 U.S.C. §1125(a) and common law service mark
        infringement and unfair competition.

3.   **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The parties' Rule 26(f) conference was held on July 2, 2010.  Edward B. Friedman, Esquire, and Elliot S. Katz, Esquire, participated on behalf of plaintiff.  Paul R. Robinson, Esquire, participated on behalf of defendants.  There are no unrepresented parties.

4.   **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

The Rule 16 Initial Scheduling Conference is scheduled for July 28, 2010, at 9:00 a.m. pursuant to Order of Court dated June 23, 2010.

5.   **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Plaintiff does not anticipate filing a dispositive motion pursuant to Fed.R.Civ.P. 12.

Defendants anticipate filing Rule 12(b)(6) motions to dismiss Complaint.

6.   **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have agreed on private mediation and have not yet selected a mediator.  The parties will file a stipulation as to mediation and the selection of a mediator by July 23, 2010.

7.   **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties do not propose any changes be made in the timing, form or requirements of Fed.R.Civ.P. 26(a).

8.   **Subjects on which fact discovery may be needed:**

Plaintiff anticipates that discovery will be needed on all subjects likely to lead to the discovery of admissible evidence regarding plaintiff's claims and defendants' defenses thereto, including, but not limited to:

(a)      the registration of the domain name ‹www.fagnelli.com› (the "Domain Name") by

defendants;

(b)    the re-directing of the Domain Name to defendants' web site;

(c)    the registration by defendants of domain names which include in whole or in part or by way of misspelling the business or trade names of other plumbing, heating and/or cooling contractors and other business;

(d)    the number of Internet hits that defendants have received on their web site from the red-direction of the Domain Name and those of the domain names of other plumbing, heating and/or cooling contractors and other businesses;

(e)    the revenues and the profits received by defendants during the period that the Domain Name was registered in defendants' name;

(f)    the bad faith of defendants in registering the Domain Name in their names and the domain names of other plumbing, heating and/or cooling contractors and other businesses; and

(f)    any additional subjects raised in the parties' written discovery requests and initial disclosures pursuant to Rule 26(a)(1).

Defendants anticipate that discovery will be needed on all subjects likely to lead to the discovery of admissible evidence regarding plaintiff's claims and defendants' defenses thereto, including, but not limited to:

(a)    all of the above, including the issue of the absence of secondary meaning, intent, use in commerce or bad faith.

9.    **Set forth suggested dates for the following:**

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**   The parties will make disclosures required by Rule 26(a) on August 11, 2010.

b.    **Date by which any additional parties shall be joined:**  Not applicable

c.    **Date by which the pleadings shall be amended:** Not applicable

d.    **Date by which fact discovery should be completed:** The parties propose that fact discovery should be completed by November 30, 2010.  Plaintiff's lead counsel is unavailable during the month of August 2010.

e.     **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The parties do not believe that discovery needs to be conducted in phases or limited to or focused on particular issues.

f.     **Date by which plaintiff's expert reports should be filed:** Plaintiff proposes that plaintiff's expert reports should be filed by December 15, 2010.

g.     **Date by which depositions of plaintiff's expert(s) should be completed:** Plaintiff proposes that the depositions of its expert witnesses should be completed by January 31, 2011.

h.     **Date by which defendants' expert reports should be filed:** Defendants propose that defendant's expert reports should be filed by January 20, 2011.

i.     **Date by which depositions of defendants' expert(s) should be completed:** Defendants propose that the depositions of defendants' expert witnesses should be completed by March 7, 2011.

j.     **Date by which third party expert's reports should be filed:** not applicable

k.     **Date by which depositions of third party's expert(s) should be completed:** not applicable

10.   **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties agree that no changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule.

11.   **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

The parties do not anticipate a need for special deadlines, procedures or orders of court dealing with the discovery of electronically-stored information at this time.

12.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

Excluded pursuant to Order Setting Initial Case Management Conference dated June 23, 2010.

13.    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None.

14.    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not anticipate that the appointment of a special master will be necessary.

15.    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

16.    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

Each party will give due consideration to any reasonable settlement offer from the other.

**Respectfully submitted,**

FRIEDMAN and FRIEDMAN

By   s/Edward B. Friedman
Edward B. Friedman

By   s/Elliot S. Katz
Elliot S. Katz

900 Fifth Avenue
Pittsburgh, PA 15219
(412) 261-5834

Attorneys for Plaintiff


MEYER, DARRAGH, BEBENEK & ECK, P.L.L.C.

By   s/Paul R. Robinson
Paul R. Robinson

600 Grant Street, Suite 4850
Pittsburgh, PA 15219

Attorneys for Defendants