IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAGNELLI PLUMBING COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:10-CV-00679-AJS |
| GILLECE PLUMBING AND HEATING, INC., GILLECE SERVICES, LP., THOMAS GILLECE AND JOSEPH BENZ, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF COURT**

**I.     Introduction**

Plaintiff, Fagnelli Plumbing Company, Inc., instituted the present action against Defendants, Gillece Plumbing and Heating Inc. ("Gillece Plumbing")[1] Gillece Services, LP ("Gillece Services")[2] Thomas Gillece,[3] and Joseph Benz,[4] (collectively, "Defendants") on May 18, 2010. (Doc. No. 1).  Plaintiff alleges Defendants improperly registered the domain name "www.fagnelli.com" in violation of sections 43(a) and (d) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (d), and Pennsylvania common law. Before this Court are Defendants' Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 13, 14, 15, and 16) for failure to state a claim upon

---

[1] Gillece Plumbing and Heating Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania that provides plumbing, heating, and cooling services. (Doc. No. 1 ¶ 2).
[2] Gillece Services, LP, is a limited partnership organized under the laws of the Commonwealth of Pennsylvania that has Gillece Plumbing and Heating Inc., as its general partner. Gillece Services, LP, operates in its name the business previously  operated by Gillece Plumbing and Heating, Inc. (Doc. No. 1 ¶¶ 3-4).
[3] Thomas Gillece is the President and CEO of Defendants Gillece Plumbing and Heating, Inc., and Gillece Services, LP. (Doc. No. 1. ¶ 5).
[4] Joseph Benz is the Operations and General Manager of Defendants Gillece Plumbing and Heating, Inc., and Gillece Services, LP. (Doc No. 1. ¶ 6).

1

which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant Gillece Plumbing's motion to dismiss is denied, and Defendants Gillece Services, Thomas Gillece, and Joseph Benz's motions to dismiss are granted in part and denied in part.

## II. Facts Averred in Complaint

Plaintiff and Defendant Gillece Plumbing are business competitors who both provide plumbing, heating, and cooling services to residential and commercial customers in Western Pennsylvania. (Doc. No. 1 ¶ 10). In an effort to advertise and increase profits, Plaintiff purchased and registered the domain name "www.fagnelliplumbing.com" ("fagnelliplumbing.com"), which is a website that offers Plaintiff's services to prospective customers. *Id.* at ¶ 11. On March 1, 2007, Defendant Gillece Plumbing registered the domain name "www.fagnelli.com" ("fagnelli.com") through the online registrar GoDaddy.com, Inc. *Id.* at ¶ 13. On February 12, 2009, Defendant Gillece Plumbing began to divert internet traffic visiting fagnelli.com to "www.gilleceplumbing.com" ("gilleceplumbing.com"), a website that advertises and offers Defendant Gillece Plumbing's services to prospective customers. *Id.* at ¶¶ 12, 16-17.

After discovering fagnelli.com, Plaintiff sent a cease and desist letter to Defendants, requesting that Defendants refrain from redirecting traffic from fagnelli.com to gilleceplumbing.com, and "transfer ownership and registration" of fagnelli.com to the Plaintiff. *Id.* at ¶ 18. In response to Plaintiff's request, Defendants ceased redirecting internet traffic from fagnelli.com to gilleceplumbing.com, but refused to transfer ownership and registration of fagnelli.com to the Plaintiff. *Id.* at ¶¶ 19-20.

**III. Discussion**

Pursuant to Fed. R. Civ. P. 12(b)(6), this Court is required to dismiss a complaint when it fails to allege "'enough facts to state a claim to relief that is plausible on its face.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Previously, under the Supreme Court's holding in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), a claim could only be dismissed when "no set of facts" could support the plaintiff's contentions. However, under the Supreme Court's recent holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a plaintiff cannot merely assert legal conclusions or recite "the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949. Rather, the plaintiff must assert a facially plausible claim by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Although the plausibility standard is dissimilar to a "probability requirement," "it [requires] more than a sheer possibility that a defendant has acted unlawfully." *Id.* While well-pleaded factual content is accepted as true, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Marangos v. Swett*, 341 Fed. Appx. 752, 755 (3d Cir. 2000) (quoting *Iqbal*, 129 S. Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950 (quoting *Fed. R. Civ. P*. 8(a)(2)).

In order to satisfy the requirement of *Fed. R. Civ. P.* 8(a)(2) that a plaintiff include a "short

and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations to "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951.

When evaluating a Rule 12(b)(6) motion, this Court accepts the plaintiff's well-pleaded factual allegations as true, and construes all reasonable inferences in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, this Court cannot consider bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). Nor should a court consider "whether a plaintiff will ultimately prevail," but rather, must decide "whether the [plaintiff] is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.,* 552 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civ. A. No. 08-411, 2008 U.S. Dist. LEXIS 57988 at *7 (W.D. Pa. July 30, 2008) (citing *Phillips,* 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

### IV. Application

Plaintiff alleges three separate claims against Defendants: (1) at Count One, Cybersquatting in violation of 15 U.S.C. § 1125(d); (2) at Count Two, Misleading Description in violation of 15 U.S.C. § 1125(a)(1)(A); and, (3) at Count Three, Pennsylvania Common Law Service Mark Infringement and Unfair Competition. The parties agree that Plaintiff's common law claims for trademark infringement and unfair competition are governed by the standard set forth in 15 U.S.C. § 1125(a). *See A & H Sportswear Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (holding federal trademark infringement and unfair competition claims are measured by identical standards); *see also Kos Pharms. V. Andrx Corp.*, 369 F.2d 700, 706, 708-09 (3d Cir. 2004) (evaluating federal and common law trademark infringement and unfair competition claims under the same standard). Therefore, Plaintiff's common law claims will be addressed in conjunction with its claims under 15 U.S.C. § 1125(a)(1)(A).

#### A. Cybersquatting in violation of 15 U.S.C. § 1125(d).

"In general, cybersquatting is the act of registering, in bad faith and to garner profit, on the internet a domain name so similar to a distinctive mark that it is confusing." *Green v. Fornario*, 486 F.3d 100, 103 n. 5 (3d Cir. 2007) (citing *Shields v. Zuccarini*, 254 F.3d 476 (3d Cir. 2001)); *see also* 15 U.S.C. § 1125(d)(1)(A). Furthermore, pursuant to 15 U.S.C. § 1125(d)(1)(D), "[a] person shall be liable for using a domain name under [15 U.S.C. § 1125(d)(1)(A)] only if that person is the domain name registrant or that registrant's authorized licensee." Therefore, pursuant to Rule 12(b)(6), this Court must determine whether Plaintiff averred sufficient factual allegations to suggest that: (1) the term "Fagnelli" is a distinctive mark; (2) the term "Fagnelli" is identical or so similar to the domain name fagnelli.com that it is confusing; (3) Defendants registered fagnelli.com in bad faith to garner profit; and, (4)

5

Defendants are the registrant of fagnelli.com or the registrant's authorized licensee. *See Shields v. Zuccarini*, 254 F.3d 476 (3d Cir. 2001).

### 1. Distinctive Mark

In order for a trademark to be eligible for legal protection, the mark must be distinct. *Carnivale v. Staub Design, LLC*, Civ. A. No. 08-764, 2010 U.S. Dist. LEXIS 32668 at *9 (D. Del. Mar. 31, 2010) (citing 2 McCarthy on Trademarks and Unfair Competition § 11.2 (4th ed. 2010)). The distinctiveness of a term is determined by a four category scale that separates terms into the following categories: arbitrary or fanciful, suggestive, descriptive, and generic. *See Sabrinsa Corp. v. Creative Compounds, LLC*, No. 08-3255, 2010 U.S. App. LEXIS 14023 at *14 (3d Cir. July 9, 2010). Arbitrary or fanciful marks are defined as "terms that neither describe nor suggest anything about the product" and "'bear no logical or suggestive relation to the actual characteristics of the goods'" or services. *A & H Sportswear, Inc.*, 237 F.3d at 221 (quoting *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 296 (3d Cir. 1986)). Suggestive marks "require consumer 'imagination, thought, or perception' to determine what the product is." *Id.* at 222 (quoting *A.J. Canfield Co.*, 808 F.2d at 297). Descriptive marks are defined as terms that "'convey[] an immediate idea of the ingredients, qualities or characteristics of the goods,'" while generic marks "'function as the common descriptive name of a product class.'" *Id.* In order to be distinctive, "a mark must either be suggestive, arbitrary or fanciful, or descriptive with a secondary meaning." *Id.* A descriptive mark acquires a secondary meaning "when the trademark is interpreted by the consuming public to be not only an identification of a product, but also a representation of the product's origin." *E.T. Browne Drug Co. v. Cococare Prods.*, 538 F.3d 185, 199 (3d Cir. 2008).

In determining the distinctiveness of a mark for the purposes of section 1125(d), the

6

United States Court of Appeals for the Third Circuit considers the factors outlined in 15 U.S.C. § 1125(c)[5]. *Shields*, 254 F.3d at 482. After considering the factors outlined in section 1125(c), the United States Court of Appeals for the Third Circuit considered the mark "Joe Cartoon" distinct when: (1) the owner used the term "Joe Cartoon" for a period of fifteen years; (2) the owner had used the domain name joecartoon.com to advertise and sell products for a period of approximately four years; (3) the "Joe Cartoon" products were nationally advertised and sold through multiple media outlets; and, (4) the joecartoon.com website received more than 700,000 visits per month. *Id.* at 482-83.

In this case, Defendants contend the term "Fagnelli" is a descriptive term that lacks a secondary meaning and, therefore, is not distinctive. (Doc. Nos. 13-15 ¶¶ 14-18; Doc. No. 16 ¶¶ 9-13). In its Complaint, Plaintiff alleges that it has used the term "Fagnelli" in the plumbing, heating, and cooling industries for nearly 50 years, used the domain name fagnelliplumbing.com to advertise and offer its services to customers in Western Pennsylvania, and has spent substantial sums on advertising in Western Pennsylvania. (Doc. No. 1 ¶¶ 11, 25).

After considering the factors outlined in section 1125(c), the United States Court of Appeals for the Third Circuit's holding in *Shields*, and the definition of a descriptive mark with a secondary meaning, this Court finds that Plaintiff's complaint has set forth sufficient facts to suggest that the term "Fagnelli" is distinctive. Considering the extended period of time Plaintiff has used the term "Fagnelli" in the plumbing, heating and cooling industries and Plaintiff's attempts to advertise in Western Pennsylvania, it is plausible that the term "Fagnelli" is a

---

[5] The factors outlined in section 1125(c) are: (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; and, (G) the nature and extent of use of the same or similar marks by third parties.

descriptive term with a secondary meaning. Furthermore, the facts presented satisfy several of the factors outlined in section 1125(c), including the duration and extent of the use in connection with goods or services with which the mark is used, the duration and extent of advertising and publicity of the mark, and, the channels of trade for the goods or services with which the mark is used. *See Shields*, 254 F.3d at 482-83. Therefore, Plaintiff has presented sufficient factual allegations to suggest that the term "Fagnelli" is a distinct mark eligible for legal protection.

   2. **Confusingly Similar**

In order to satisfy the confusingly similar element of section 1125(d), Plaintiff must demonstrate that "plaintiffs mark and defendants' domain name are so similar in sight, sound, or meaning that they could be confused." *Carnivale*, 2010 U.S. Dist. LEXIS 32668 at *19 (citing 2 McCarthy on Trademarks and Unfair Competition, § 25:78). In *Shields*, the Court of Appeals found the domain names joescartoon.com, joecarton.com, joescartoons.com, joescartons.com, and cartoonjoe.com confusingly similar to the plaintiffs mark "Joe Cartoon." *Shields*, 254 F.3d at 483. In this case, the domain name fagnelli.com and the term "Fagnelli" are seemingly identical and more similar than the domain names and mark in *Shields*. Therefore, Plaintiff has presented sufficient evidence to satisfy this element of section 1125(d).

   3. **Acted with a Bad Faith Intent to Profit**

This Court must next inquire whether Plaintiff pleaded sufficient factual allegations to support a claim that Defendants acted with a bad faith intent to profit from Plaintiff's mark. Under section 1125(d)(1)(B)(1)[6], Congress has provided a non-exhaustive list of factors a court

---

[6] The factors provided in section 1125(d)(1)(B)(i) are: (I) the trademark or other intellectual property rights of the person, if any, in the domain name; (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person; (III) the person's prior use, if any, of the domain name in connection with a bona fide offering of any goods or services; (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by

must consider when determining whether a defendant acted with a bad faith intent to profit. *See Green v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007). Plaintiff's allegations satisfy a number of these factors. First, Plaintiff alleges that Defendants have never used fagnelli.com as a trademark or service mark. Secondly, fagnelli.com does not contain any variation of any legal names of Defendants, nor any other name commonly used to identify Defendants. Plaintiff's factual allegations also suggest Defendants have not used fagnelli.com in connection with a bona fide offering of goods or services, or for a non-commercial or fair use purpose. Furthermore, Plaintiff's allegations that Defendants maintained fagnelli.com to divert customers to Defendants' website, gilleceplumbing.com, suggests Defendants harmed the goodwill associated with Plaintiff's mark, and did so for commercial gain. Plaintiffs also allege that Defendants have registered over 180 domain names that are confusingly similar to the marks of other competitions in the plumbing, heating, and cooling industries. Therefore, Plaintiff has pleaded sufficient facts to suggest Defendants acted in bad faith with an intent to profit when Defendants registered fagnelli.com.

### 4. Registrant or Registrant's Authorized Licensee

Defendants Gillece Services, Thomas Gillece, and Joseph Benz allege that they cannot be held liable under section 1125(d) because they are not the registrant's of fagnelli.com or the registrant's licensee. (Doc. Nos. 13-15 ¶¶ 9-12). 15 U.S.C. § 1125(d)(1)(D) provides that "[a]

---

creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site; (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct; (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct; (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and, (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous without the meaning of subsection (c)(1) of this section.

person shall be liable for using a domain name under [section 1125(d)(1)(A)] only if that person is the domain name registrant or that registrant's authorized licensee."

Plaintiff alleges Defendants Thomas Gillece and Joseph Benz authorized and implemented the registration of fagnelli.com, and Defendant Gillece Services is the general partner of Gillece Plumbing. (Doc. No. 1 ¶¶ 3-4, 14-15). Considering the plain language of section1125(d)(1)(D), these allegations, without more, are not sufficient to suggest that Defendants Thomas Gillece, Joseph Benz, and Gillece Services are the registrants of fagnelli.com or registrant's authorized licensee. Therefore, this Court concludes that Plaintiff has failed to allege sufficient facts to state a colorable claim under 15 U.S.C. § 1125(d) against Defendants Gillece Services, Thomas Gillece, and Joseph Benz. Accordingly, those claims will be dismissed.

However, Plaintiff alleges that Gillece Plumbing is the registrant of the domain name, fagnelli.com. Thus, its motion to dismiss is denied.

### B. Misleading Description in Violation of 15 U.S.C. § 1125(a)(1)(A) and Common Law Service Mark Infringement and Unfair Competition.

In order to state a valid claim under 15 U.S.C. § 1125(a)(1)(A), Plaintiff must plead sufficient facts to suggest: "(1) ownership of a valid and legally protectable mark; (2) that defendant used the mark in commerce; (3) in connection with the sale, preparing for sale, distribution or advertising of goods and services; (4) in a manner likely to confuse customers." *800-JR Cigar, Inc. v. GoTo.com, Inc.*, 437 F. Supp.2d 273, 281-82 (D.N.J. 2006) (citing *Fisons Horticulture, Inc. v. Vigoro Industries, Inc.*, 30 F.2d 466, 472 (3d Cir. 1994)) (internal quotations omitted). Defendants do not challenge prong three of this test. Rather, Defendants contend that Plaintiff's Complaint fails to allege sufficient facts to demonstrate that: (1) Defendants own a

valid and legally protectable mark;[7] Defendants used the domain name fagnelli.com in commerce; and, (3) the redirection of consumers from fagnelli.com to gilleceplumbing.com created a likelihood of confusion[8]. (Doc. Nos. 13-16).

1. Use in Commerce

Defendants argue Plaintiff failed to plead "use of commerce" as defined under 15 U.S.C. § 1127. (Doc. Nos. 13-15 ¶¶ 20-24; Doc. No. 16 ¶¶ 15-19). 15 U.S.C. § 1127 defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade." 15 U.S.C. § 1127. Additionally, "a mark shall be deemed to be in the use in commerce – on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce. . . ." *Id.*; *see also* 54 Pa. C.S. §1102.

In *J.G. Wentworth, S.S.C. Ltd. Partnership v. Settlement Funding LLC*, the United States District Court for the Eastern District of Pennsylvania determined that "purchase and use of a trademark-protected keyword for the purpose of triggering internet advertising constitutes the type of 'use of commerce' contemplated by the Lanham Act." Civ. A. No. 06-0597, 2007 U.S. Dist. LEXIS 288 at *11 (E.D. Pa. Jan. 4, 2007). The plaintiff alleged that defendant infringed on its mark when it used plaintiff's mark as a keyword through Google's AdWords program "so that an internet search for those terms produces a Sponsored Link to defendant's website." *Id.* at *5. The court held that "defendant's use of plaintiff's marks to trigger internet advertisements for itself is the type of use consistent with the language in the Lanham Act which makes it a violation to use 'in commerce' protected marks." *Id.* at *17.

Furthermore, multiple district courts have held that a defendant uses a plaintiff's marks in

---

[7] Plaintiff plead sufficient facts to support a claim that it owns a valid and legally protectable mark as discussed under the analysis of Plaintiff's section 1125(d) claims.
[8] Defendants' contention, without any explanation or analysis, that Plaintiff failed to allege sufficient facts to support a claim of likelihood of confusion is found in a footnote in Defendants' Briefs in Support of Motion to Dismiss. (Doc. Nos. 17-18 n. 6).

commerce by operating a website. *See Dluhos v. Strasberg*, Civ. A. No. 00-3163, 2005 U.S. Dist. LEXIS 34383 at *22 (D.N.J. June 23, 2005) (holding defendant uses plaintiff's marks in commerce by operating a website); *see also Trade Media Holdings Ltd. V. Huang & Assocs.*, 123 F. Supp. 2d 233, 242 (D.N.J. 2000) (holding "[u]sing a domain name to operate a website is a 'use in commerce' because it affects a plaintiff's ability to offer services.'"); *see also Planned Parenthood*, No. 97 Civ. 0629, 1997 U.S. Dist. LEXIS 3338 at *10-11 (S.D.N.Y. Mar. 24, 1997) (noting that establishment of a typical home page on the Internet satisfies Lanham Act's 'in commerce' requirement).

In this case, Plaintiff avers that Defendant Gillece Plumbing registered fagnelli.com and used the domain name to direct internet traffic to its own website, gilleceplumbing.com. (Doc. No. 1. ¶¶13-16). Additionally, Plaintiff alleges Defendants Thomas Gillece and Joseph Benz authorized and implemented the registration of fagnelli.com, and Defendant Gillece Services is the partner of Gillece Plumbing.

After considering the applicable case law and the language of section 1127, this Court holds Defendants' collective registration, implementation, and use of fagnelli.com to redirect internet traffic constitutes 'use of commerce' under the Lanham Act.

2. **Likelihood of Confusion**

"To prove likelihood of confusion, plaintiff[] must show that consumers viewing the mark would probably assume the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 280 (3d Cir. 2001) (internal citations omitted). In *Interpace Corp. v. Lapp, Inc.*, the United States Court of Appeals for the Third Circuit set forth ten factors

that indicate a likelihood of confusion.[9] 721 F.2d 460, 463 (3d Cir. 1983). "None of these factors is determinative in the likelihood of confusion analysis and each factor must be weighed and balanced one against the other." *Checkpoint Sys.*, 269 F.3d at 280.

Defendants simply argue that "plaintiff has not pleaded any facts to support its general allegation that the redirection in fact caused any likelihood of confusion." (Doc. Nos. 17, 18 n. 6). The Court does not agree with Defendants' argument. The allegedly infringing domain name, fagnelli.com, is striking similar to Plaintiff's mark, "Fagnelli" and Plaintiff's domain name, fagnelliplumbing.com. In addition, Plaintiff alleges that Defendants redirected customers from fagnelli.com to gilleceplumbing.com, a website that advertises and offers Defendants' services. Further, Plaintiff avers that Defendants, by creating the domain name fagnelli.com, likely deceived Plaintiff's existing and potential customers. (Doc. No. 1 ¶¶ 32, 33). Plaintiff also alleges that it has used the term "Fagnelli" in the plumbing, heating and cooling industries for nearly 50 years, and that Plaintiff and Defendants are local competitors who market products via the internet. (Doc. No. 1 ¶¶ 12, 25). Therefore, Plaintiff has pleaded a likelihood of confusion. Applying the *Lapp* factors, Plaintiff pleaded a high degree a similarity between its mark and the alleged infringing domain name, strength in the mark "Fagnelli" based on secondary meaning analysis above, the goods are marketed through the same channels of trade and advertising, the extent to which the targets of the parties' sale efforts are the same, and the relationship of the goods in the minds of consumers because of similarity of functions. Accordingly, Plaintiff

---

[9] The ten *Lapp* factors are: (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sale efforts are the same; (9) the relationship of the goods in the minds of consumers because of similarity of functions; and (10) other factors suggesting the consuming public might expect the prior owner to manufacture a product in the defendant's market or that he is likely to expand the market. *Lapp, Inc.*, 721 F.2d at 463.

pleaded sufficient facts to support likelihood of confusion.

## V. Conclusion

For the foregoing reasons, Defendant Gillece Plumbing's Motion to Dismiss Plaintiff's Complaint (Doc. No. 16) will be denied, and Defendant's Gillece Services, Thomas Gillece, and Joseph Benz's Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 13, 14, and 15) will be granted in part and denied in part. Accordingly,

**AND NOW**, this 27th day of July, 2010, for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Gillece Plumbing and Heating, Inc.'s Motion to Dismiss (Doc. No. 16) is **DENIED**, and Defendant's Gillece Services, LLC, Thomas Gillece, and Joseph Benz's Motions to Dismiss (Doc. Nos. 13, 14, and 15) are **GRANTED in part**, as to Plaintiff's claims under 15 U.S.C. § 1125(d), without prejudice to Plaintiff to file an Amended Complaint, and **DENIED in part**, as to Plaintiff's 15 U.S.C. § 1125(a) and common law claims. Plaintiff's Amended Complaint (if any) shall be filed on or before August 10, 2010; Defendant's response (Answer or Renewed Motion to Dismiss) thereto shall be filed on or before August 17, 2010, and Plaintiff's Opposition to any Renewed Motion to Dismiss shall be filed on or before August 23, 2010.

                            SO ORDERED

                      /s/ Arthur J. Schwab
                      Arthur J. Schwab
                      United States District Judge

cc: all ECF registered counsel