IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAGNELLI PLUMBING COMPANY, INC., | |
| Plaintiff, | Civil Action No. 2:10-cv-00679-AJS |
| v. | Electronically Filed |
| GILLECE PLUMBING AND HEATING, INC., GILLECE SERVICES, LP., THOMAS GILLECE AND JOSEPH BENZ, | |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO COMPEL CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER

AND NOW, come the defendants, GILLECE PLUMBING AND HEATING, INC., GILLECE SERVICES, LP., THOMAS GILLECE and JOSEPH BENZ, through their counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing their brief in support of motion to compel confidentiality agreement/protective order:

On August 25, 2010, this Honorable Court entered an order compelling the disclosure of all domain names the defendants had registered with GoDaddy.com, and construing these defendants' response to motion to compel as a motion to compel execution of a confidentiality agreement/protective order. Further, the Court instructed counsel for the parties to meet and confer and to submit a joint proposed protective order by noon today with regard to the production of the list of domain names.

P0911573.1

Prior to the Court's August 25, 2010, these defendants had submitted to the plaintiff the protective order form approved by the U.S. District Court for the Western District of Pennsylvania (and provided on the Court's website) to protect the confidentiality of the list of domain names owned by Gillece Plumbing and Heating, Inc. prior to disclosure, a copy of which is attached as Exhibit "A."  The plaintiff rejected this court-approved protective order.

On August 26, 2010, after the Court entered its order directing the parties to confer and reach an agreement on a protective order/confidentiality agreement with regard to the disclosure of the list of domain names, the plaintiff provided these defendants with its "Modified Protective Order," attached hereto as Exhibit "B."  Incredibly, paragraph 19 of the plaintiff's modified protective order expressly excluded the list of domain names owned by Gillece Plumbing and Heating, Inc. as not constituting confidential information under the protective order or subject to the nondisclosure provisions of the order.  This proposed "Modified Protective Order" completely defeats the entire purpose of these defendants' request for the protective order and this Court's August 25, 2010 order, which was to have the parties reach an agreement that protected the confidentiality of Gillece's list of domain names registered with GoDaddy.com upon disclosure to the plaintiff.  These defendants detailed this and other objections to the plaintiff's modified protective order in the August 26, 2010 letter of Paul R. Robinson, Esquire, a true and correct copy of which is attached hereto as Exhibit "C."  These defendants could not reasonably be expected to agree to the plaintiff's modified protective order when it specifically excluded protection to the very document that motivated the defendants to request a protective order before disclosure.

2

The plaintiff maintains in its reply that because a member of the public can search whether a specific domain name is registered in the name of Gillece Plumbing and Heating, Inc. or other persons or companies have registered, it should not be provided with protection.  However, a list of <u>all</u> domain names owned and registered by Gillece Plumbing and Heating, Inc. is proprietary and confidential business information that is not readily available to or known by the public.  Therefore, a protective order entered by this Court is necessary to protect the confidential nature of the list of domain names after disclosure and ensure it is used or disclosed to third parties only in accordance with the terms of said protective order.

**CONCLUSION**

For the reasons stated above, and set forth in the August 26, 2010 letter of Attorney Robinson, these defendants respectfully request that the court-approved protective order form previously submitted to the plaintiff and attached hereto as Exhibit "A" be entered by this Honorable Court before these defendants are required to produce the list of domain names owned by Gillece Plumbing and Heating, Inc. and registered with GoDaddy.com.

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:   /s/  Paul R. Robinson
     PAUL R. ROBINSON, ESQUIRE
     PA I.D. No. 65581

     Counsel for the Gillece Plumbing and Heating,
     Inc., Gillece Services, LP., Thomas Gillece and
     Joseph Benz

     U.S. Steel Tower, Suite 4850
     600 Grant Street
     Pittsburgh, PA 15219
     Telephone: (412) 553-7146
     Fax: (412) 471-2754
     Email:  probinson@mdbbe.com

P0911573.1

4

**PROOF OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| ___X___ | Electronic Mail |

at the following address:

Elliot S. Katz, Esquire
Friedman and Friedman
900 Fifth Avenue
Pittsburgh, PA 15219
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  August 27, 2010          /s/ Paul R. Robinson
                                PAUL R. ROBINSON, ESQUIRE

P0911573.1